| | |
|---|---|
| Douglas L. Furth (DF 2517) <br> Anthony M. Vassallo (AV 3169) <br> GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP <br> 437 Madison Avenue <br> New York, New York 10022 <br> (212) 907-7300 | **Presentment Date**: <br> **May 29, 2008 at 10:00 a.m.** <br><br> **Objections Due by:** <br> **May 26, 2008 by 5:00 p.m.** |
| *Counsel to David Pauker, Chapter 11 Trustee* | **Hearing Date & Time:** <br> **May 29, 2008 at 10:00 a.m.** <br> **(if objections are filed)** |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                      :

In re                                                      :     Chapter 11
                                                     :     07-71327 (CEC)

COPPERFIELD INVESTMENTS, LLC,       :
                                                     :
                            Debtor.     :
                                                     :
-------------------------------------------------------------X

**MOTION OF THE CHAPTER 11 TRUSTEE FOR ENTRY
OF AN ORDER APPROVING THE SALE OF CERTAIN
RESIDENTIAL REAL PROPERTY LOCATED AT 15 SODER
ROAD, NORTH CALDWELL, NEW JERSEY 07006 PURSUANT
TO SECTIONS 363(b)(1) AND 105(a) OF THE BANKRUPTCY CODE**

        David Pauker, the chapter 11 trustee (the "Trustee") for the estate (the "Estate") of Copperfield Investments, LLC (the "Debtor"), by his undersigned counsel, hereby makes this motion (the "Motion") for entry of an order (the "Order") pursuant to sections 363(b)(1) and 105(a) of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the sale of certain real property located at 15 Soder Road, North Caldwell, New Jersey 07006 (the "Property") to Stamatos and Maria Elena Tsataros (collectively, the "Purchasers") and authorizing the Trustee to accept the proceeds from the sale, which is below the Debtor's original acquisition cost. In support of the Motion, the Trustee states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges for the Eastern District Court of New York, dated August 28, 1986 (Weinstein, C.J.). Venue is proper in this district pursuant to 28 U.S.C. § 1408. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B) and (O). The statutory predicates for the Motion are sections 105(a) and 363 of the Bankruptcy Code, as supplemented by Bankruptcy Rule 6004.

## BACKGROUND

2. The Debtor is a Delaware limited liability company that holds and services real estate mortgages and their underlying debt. A substantial number of the Debtor's mortgages (collectively, the "Copperfield Mortgages") were in default as of the date of the bankruptcy filing. In the ordinary course of the Debtor's business, a mortgage may be foreclosed, renegotiated, compromised, settled or paid in full by the mortgagee.

3. On April 17, 2007, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4. On or about April 20, 2007, Ficus (USA), Inc. ("Ficus") filed an emergency motion (the "Emergency Motion") seeking (i) to dismiss Debtor's bankruptcy case, (ii) relief from the automatic stay or, in the alternative, (iii) the appointment of a chapter 11 trustee.

5. On April 26, 2007, the Bankruptcy Court entered an order granting only that part of the Emergency Motion seeking the appointment of a chapter 11 trustee. Thereafter, on May 1, 2007, the United States Trustee appointed the Trustee, as the chapter 11 operating trustee.

## THE PROPERTY AND PROPOSED SALE

6. According to the Debtor's general ledger, the Debtor acquired the mortgage loan on or about December 14, 2006 for the amount of $585,000 and the Property was subsequently acquired by the Debtor through a foreclosure auction. Pursuant to a competitive market analysis ("CMA") purchased by the Trustee and dated as of March 10, 2008, the value of the Property "as is" is estimated to be in the range of $557,600. The CMA noted that sale prices of comparable properties that are in good shape are in the range of $740,000. However, the Property is not in similar condition because, among other things, the house lacks a heating source and requires as much as $150,000 in rehabilitation expenses to bring the Property up to the level of surrounding ones. A copy of the CMA is attached hereto as Exhibit 1.

7. Aided by Private Capital Group ("PCG"), the administrator for the Copperfield Mortgages, the Property was listed with a local broker. After receiving an initial offer of $575,000, PCG negotiated a higher amount of $585,000 that was accepted by the Purchaser. The purchase price of $585,000 is consistent with the CMA's estimated value of the Property. A copy of the executed contract of sale to sell the Property to the Purchaser is attached hereto as Exhibit 2. The contract is contingent on the entry of an order by this Court approving this Motion.

8. Under the terms of the proposed sale, the Estate is expected to net approximately $542,074 after payment of broker commissions, attorney fees and local realty transfer charges. This calculation of approximate proceeds to the Estate is based on best available estimates and is subject to change based on the closing date, among other variables which impact the exact amount of closing costs. Measured against the acquisition price for the Property, the proposed sale will result in a net loss of approximately $43,000 to the Estate. A

copy of the settlement statement, reflecting the estimated proceeds, is attached hereto as Exhibit 3.

## LEGAL BASIS FOR THE RELIEF REQUESTED

### A. *The Sale Should be Approved under Section 363(b) of the Bankruptcy Code.*

9. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10. Although section 363 does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets, courts in the Second Circuit and others, in applying this section, have required that it be based upon the sound business judgment of a trustee. See In re Chateaugay Corp., 973 F.2d 141 (2d Cir. 1992) (holding that a judge determining a § 363(b) application must find from the evidence presented a good business reason to grant such application); Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1071 (2d Cir. 1983) (same); Stephens Indus. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986) (holding that "bankruptcy court can authorize a sale of all of a chapter 11 debtor's assets under § 363(b)(1) when a sound business purpose dictates such action"); In re Phoenix Steel Corp., 82 B.R. 334, 335-36 (Bankr. D. Del. 1987) (stating that judicial approval of a section 363 sale requires a showing that the propose sale is fair and equitable, a good business reason exists for completing the sale and that the transaction is in good faith).

11. The Trustee believes the Court should approve the Motion because the proposed sale is at a price greater than the indicated value and the sale will minimize potential further losses to the Estate from holding the Property. Holding the Property would expose the Estate to additional holding costs (*e.g.*, insurance, taxes, administrative expenses, repairs and maintenance), selling costs, and the risk of any additional unforeseen liabilities. The Trustee has taken note of the recent downturn in the real estate market and considered that retaining the Property exposes the Estate to the risk of a further decline in the market value of the Property. By contrast, the proposed sale is at a price that exceeds the CMA value. The proposed sale will help to minimize the overall loss the Estate has already suffered from ownership of the Property. For the foregoing reasons, the Trustee believes the prompt sale of the Property will inure to the benefit of the Estate and its creditors. The Trustee respectfully submits that the proposed sale of the Property meets the criteria of section 363(b)(1) of the Bankruptcy Code.

12. The Trustee respectfully submits that the Court can approve the sale pursuant to section 363(b)(1) of the Bankruptcy Code. Coupled with the equitable powers conferred by section 105(a) of the Bankruptcy Code,[1] this Court may approve the Motion for the reasons set forth above.

13. Based on the foregoing considerations, the Trustee has determined in his business judgment that it is in the best interest of the Estate and its creditors to enter into the proposed sale. Accordingly, the Trustee respectfully submits that this Court should approve the Motion.

---

[1] Section 105(a) provides in pertinent part that "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

## WAIVER OF MEMORANDUM OF LAW REQUIREMENT

14. The Motion does not present any novel issues of law and contains a discussion of the relevant case law. Consequently, the Trustee respectfully requests that this Court waive the requirements of a separate memorandum of law pursuant to Local Bankruptcy Rule 9013-1(b), with the Trustee reserving the right to file a separate memorandum if he elects to do so.

## NOTICE

15. Bankruptcy Rule 2002(a) requires that notice of a sale outside the ordinary course of business shall be given to, among others, all creditors in the case. As there are more than 12,000 potential creditors in this case, providing notice to each would be an economic burden on the Estate's resources in light of the proposed sale transaction. In addition, the Debtor's ordinary course of business involved the sale of real property and mortgages.

16. Accordingly, the Trustee is serving the Motion, including exhibits, upon: (i) the office of the United States Trustee; (ii) counsel to the Debtor; (iii) counsel to Thomas B. Donovan; (iv) counsel to Ficus; (v) the Purchasers; and (vi) all persons and or entities that have filed a proof of claim and/or a notice of appearance in this case. The Trustee submits that under the circumstances, such service is good and sufficient notice, as required by Bankruptcy Rule 2002 and Local Rules 2002-1 and 9013-1(c).

17. No previous motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form annexed hereto as Exhibit 4, (i) approving the sale of the Property; (ii) authorizing the Trustee to take any actions necessary to consummate the transactions contemplated in the sale contract including conveying the deed on the Property; and (iii) granting such other and further relief as is just and equitable.

Dated: New York, New York
May 6, 2008

> GOLENBOCK EISEMAN ASSOR BELL
>  & PESKOE LLP
> *Counsel to the David Pauker, Chapter 11 Trustee*
> 437 Madison Avenue
> New York, New York 10022
> (212) 907-7300
>
>
> By:   /s/Douglas L. Furth
>         Douglas L. Furth (DF 2517)